Freeman, J.,
delivered the opinion of the Court.
This ivas action commenced by plaintiff against de *30 fendants, in the Circuit Court of Bedford county, on a promissory note, with a declaration in usual form, for the sum of one thousand dollars.
The defendants demurred to the declaration, craving oyer of the note in' the declaration mentioned, and then stating causes of demurrer. The note, however, is not set out upon oyer, or made part of the record by bill of exceptions. We can not notice it, therefore. The profert of the note does not make it part of the record; and the defendant, by his demurrer, has totally failed to make it part of the record; so- that we cannot see that the objections to the note made in his demurrer are well taken.
If, however, the note -was before us, and sustained the objections made in the demurrer, yet we would be bound to hold that the demurrer was not well taken. However illegal the issue of what is known as the ffnew issue” of the Bank of Tennessee may be, the fact that the notes were issued without authority, or for a wrong purpose, can make no kind of difference to the defendant in this case. His undertaking was not to aid in this unlawful purpose, nor is there anything in his contract in aid of the rebellion or in violation of law. We need only refer to the case of Orchard v. Hughes, 1 Wal., 73; Thorington v. Smith, 8 Wal., 1, and a late case decided by this Court at Knoxville, of Naff v. Crawford, 1 Heiskell, 111, as furnishing the principles on which this decision is based. •
We express no opinion whatever as to the validity of what is known as the “new issue” of the Bank of *31 Tennesse, that question not being before us, or considered by us.
The case will be reversed, and remanded to the Circuit Court for further proceedings.